IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Lalita Fain, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-2061 ) |
| Med-1 Solutions, LLC, an Indiana limited liability company, | ) ) ) ) |
| Defendant. | ) <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Lalita Fain, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Lalita Fain ("Fain") is a citizen of the State of Indiana, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed for medical services.

4. Defendant, Med-1 Solutions, LLC ("Med-1"), is an Indiana limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it

regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant Med-1 operates a debt collection business and attempts to collect debts from consumers in the State of Indiana.

5. Defendant Med-1 was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant Med-1 is authorized to conduct business in Indiana, and maintains a registered agent here, see, records from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Ms. Fain was unable to pay her debts, including a defaulted consumer debt (incurred for personal, family or household purposes) she allegedly owed for medical services. Sometime after this debt went into default, it was obtained by the Defendant, which then attempted to collect upon it via, among various means, collection calls.

8. As is her right under the FDCPA, Ms. Fain responded to Defendant's collection actions by sending Med-1 letters on September 24, 2024, and September 26, 2024, via U.S. Mail, First Class postage pre-paid, directing Defendant not to contact her, via any method, between 8 am to 6 pm, as that time period was inconvenient due to her work schedule. Copies of these letters are attached as Group Exhibit B.

9. Ms. Fain's letters were sent to Defendant Med-1 at the address Med-1 had listed with the Nationwide Multistate Licensing System for Consumer Access and were not returned by the U.S. Post Office as undeliverable. A copy of the NMLS listing

is attached as Exhibit C.

10. Undeterred, Defendant Med-1 called Ms. Fain including, but not limited to, a telephone call on November 13, 2024, during the time period she had told it not to contact her. A screen print of the voicemail transcription is attached as Exhibit D.

11. As a result of Defendant's failure to cease contacting Ms. Fain regarding the debt at a time that is inconvenient for Ms. Fain, she had to take the time, effort and/or expense to send Defendant an additional letter, to re-assert that she did not want Defendant to contact her between 8 am and 6 pm. A copy of this letter is attached as Exhibit E.

12. Nonetheless, Defendant Med-1 again called Ms. Fain, a telephone call on November 19, 2024, during the time period she had told it not to contact her. A screen print of the voicemail transcription, is attached as Exhibit F.

## ARTICLE III STANDING

13. In enacting the FDCPA, Congress expressly set forth that the statute was intended to prevent "abusive practices":

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy**.

See, 15 U.S.C. §1692(a)(Abusive Practices)(emphasis added).

14. To achieve those ends, §1692c of the FDCPA limits the manner in which debt collectors may communicate with consumers; specifically §1692c(a)(1) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows that it is an inconvenient time for such contact.

3

15. Defendant's continued direct collection actions invaded Plaintiff's right to be left alone during her work hours, and intruded upon her seclusion; Defendant's actions were a direct invasion of Ms. Fain's legally-protected right to be left alone and her right to privacy – rights granted to consumers under the common law and § 1692c of the FDCPA, see, Persinger v. Southwest Credit Systems, 20 F.4th 1184, 1191-93 (7th Cir. 2021); Lupia v. Medicredit, 8 F.4th 1184, 1191-92 (10th Cir. 2021); and Gadelhak v. AT&T Services, 950 F.3d 458, 461-62 (7th Cir. 2020).

16. Defendant's collection actions alarmed, confused, and emotionally distressed Ms. Fain, invaded her privacy, intruded upon her seclusion, and cost her time, effort and expense to try and stop Defendant's improper collection actions, see, Mack v. Resurgent Capital Services, 70 F.4th 395, 406-407 (7th Cir, 2023) and Walters v. Fast AC, 60 F.4th 642, 649 (11th Cir. 2023).

17. Defendant's collection actions complained of herein occurred within one year of the date of this Complaint.

## Violation of § 1692c(a)(1) Of The FDCPA --
## Communicating With A Consumer At Time
## Known To Be Inconvenient To The Consumer

18. Section 1692c of the FDCPA prohibits a debt collector from communicating with a consumer at any unusual time or place, or a time or place known, or which should be known to be inconvenient to the consumer, see, 15 U.S.C. § 1692c(a)(1).

19. Here, Defendant knew that Ms. Fain did not want to be contacted – via phone calls or any method of contact - about the debt between 8am and 6pm, because the letters that Ms. Fain wrote to Defendant (Group Exhibit B) explicitly told it so. By

calling her during that inconvenient time frame (Exhibit D and F), Defendant violated § 1692c of the FDCPA.

20. Defendant's violation of § 1692c(a)(1) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Lalita Fain, Prays that this Court:

1. Find that Defendant's collection practices violate the FDCPA;

2. Enter judgment in favor of Plaintiff Fain, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lalita Fain, demands trial by jury.

Lalita Fain,

By: s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: November 20, 2024

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

5

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com