**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| Lalita Fain, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   No. 1:24-cv-2061-RLY-TAB |
| | ) |
| MED-1 Solutions, LLC, an Indiana limited liability company, | ) |
| | ) |
|    Defendant. | ) |

**CASE MANAGEMENT PLAN**

**I.**    **Parties and Representatives**

  A.  Plaintiff: Lalita Fain.

      Defendant: MED-1 Solutions, LLC.

  B.  Plaintiff's Counsel:      David J. Philipps   (Ill. Bar No. 06196285)
                                         Mary E. Philipps   (Ill. Bar No. 06197113)
                                         Angie K. Robertson (Ill. Bar No. 06302858)
                                         Philipps & Philipps, Ltd.
                                         9760 S. Roberts Road
                                         Suite One
                                         Palos Hills, Illinois 60465
                                         (708) 974-2900
                                         (708) 974-2907 (FAX)
                                         davephilipps@aol.com
                                         mephilipps@aol.com
                                         angie@philippslegal.com

                                         John T. Steinkamp  (Ind. Bar No. 19891-49)
                                         John T. Steinkamp & Associates
                                         5214 S. East Street
                                         Suite D1
                                         Indianapolis, Indiana 46227
                                         (317) 780-8300
                                         (317) 217-1320 (FAX)
                                         john@johnsteinkampandassociates.com

| | |
|---|---|
| Defendant's Counsel: | Nicholas Moline (Ind. Bar No. 29711-49) |
| | MED-1 Solutions, LLC |
| | 517 U.S. Highway 31 North |
| | Greenwood, Indiana 46142 |
| | (317) 883-883-5600 |
| | Nicholas.Moline@revonecompanies.com |

## II.    Synopsis of Case

A.    This Court has subject matter jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

B.    Plaintiff's:   Due to financial difficulties, Ms. Lalita was unable to pay her debts, including a defaulted consumer debt (incurred for personal, family or household purposes) she allegedly owed for medical services. Sometime after this debt went into default, it was obtained by Defendant, which then attempted to collect upon it via, among various means, collection calls.

As is her right under the FDCPA, Ms. Graves responded to Defendant's collection actions by sending MED-1 letters on September 24, 2024, and September 26, 2024, via U.S. Mail, First Class postage pre-paid, directing Defendant to not contact her, via any method, between 8 am to 6 pm, as that time period was inconvenient due to her work schedule. Ms. Fain's letters were sent to Defendant MED-1 at the address MED-1 had listed with the Nationwide Multistate Licensing System for Consumer Access and were not returned by the U.S. Post Office as undeliverable.

Undeterred, Defendant MED-1 called Ms. Fain including, but not limited to, a telephone call on November 13, 2024, from telephone number 855-825-6658, during the time period she had told it not to contact her.

As a result of Defendant's failure to cease contacting Ms. Fain regarding the debt at a time that is inconvenient for Ms. Fain, she had to take the time, effort and/or

expense to send Defendant an additional letter, to re-emphasize that she did not want Defendant to contact her between 8 am and 6 pm.

As a result of Defendant's failure to cease contacting Ms. Fain regarding the debt at a time that is convenient for Ms. Fain, she had to take the time, effort and/or expense to have her attorney send Defendant letter, to reassert that she did not want Defendant to contact her between 8 am and 6 pm.

Defendant has therefore violated § 1692c of the FDCPA, communicating with a consumer at a time or place known to be inconvenient to the consumer, which renders it liable for actual and statutory damages, together with attorneys' fees and costs pursuant to § 1692(k) of the FDCPA.

Defendant's:  Defendant did not receive any of the letters Plaintiff alleges it sent. Defendant despite maintenance of procedures reasonably adapted to avoid such errors placed a telephone call to the Plaintiff outside the hours requested in the letters allegedly sent to Defendant. Defendant having not received the letters could not have known these hours were inconvenient to Plaintiff.   If the Defendant has violated the Fair Debt Collection Practices Act such violation was a result of a bona fide error. Plaintiff lacks standing under Article III of the United States Constitution to bring this claim.

**III.**     **Pretrial Pleadings and Disclosures**

- A. Defendant was served with Plaintiff's R. Civ. P. 26 initial disclosures on February 5, 2025. Defendant will serve its Fed. R. Civ. P. 26 initial disclosures on or before February 11, 2025.

- B. Plaintiff shall file preliminary witness and exhibit lists on or before February 28, 2025.

- C. Defendant shall file preliminary witness and exhibit lists on or before March 18, 2025.

D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before March 14, 2025.

E.  Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before March 28, 2025.  Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 21 days after receipt of the demand.

F.  Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before July 11, 2025.  Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)2) on or before August 11, 2025; or if Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before July 11, 2025.

G.  If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than October 23, 2025.  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

I.  All parties shall file and serve their final witness and exhibit lists on or before December 19, 2025.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. The parties have discussed preservation and disclosures of electronically stored discovery information, including a timetable for making the materials available to the opposing party, and believe that none is at issue in this case.  However, absent good cause shown, any electronically stored discovery shall be produced in PDF format. In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

## IV. Discovery[1] and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue.  To this end, counsel must select the track set forth below that they believe best suits this case.  If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate.  If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? Yes.

---

[1] The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same.  In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Plaintiff believes that summary judgment is appropriate because the collection actions violate the plain language of the FDCPA, see, Persinger v. Southwest Credit Systems, 20 F.4th 1184, 1191-93 (7th Cir. 2021); Lupia v. Medicredit, 8 F.4th 1184, 1191-92 (10th Cir. 2021); and Gadelhak v. AT&T Services, 950 F.3d 458, 461-62 (7th Cir. 2020).

Defendant believes that summary judgment is appropriate because if the Defendant has violated the Fair Debt Collection Practices Act, such violation was the result of a bona fide error. The violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. (15 U.S.C. § 1692k). Plaintiff also lacks standing under Article III of the United States Constitution to bring this claim.

B. On or before August 29, 2025, and consistent with the certification provision of Fed. R. Civ. P. 11 (b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C. Select the track that best suits this case:

\_\_\_\_ Track 1: No dispositive motions are anticipated. All discovery shall be completed by _____ [no later than 16 months from Anchor Date]. [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a trial date (Section VI) substantially earlier than the presumptive trial date of 18 months from the Anchor Date. The Court encourages a track faster than the standard track in all cases in which dispositive motions are note anticipated].

  x   Track 2: Dispositive motions are expected and shall be filed by November 21, 2025; non-expert witness discovery and discovery relating to liability issues shall be completed by August 29, 2025; expert witness discovery and discovery relating to damages shall be completed by October 17, 2025. [Note: The Court expects this will be the typical track when dispositive motions are anticipated.]

\_\_\_\_ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____.

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

**V.      Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.

The parties have explored the possibility of settlement without the Court's involvement. However, the parties were not yet successful in their efforts, and if it seems that a conference with the Court may be appropriate and effective, the parties will contact the Court's staff to request a conference.

**VI.     Trial Date**

The parties request a trial date in May, 2026. The trial is by jury and is anticipated to take 1-2 days.

The parties have selected Track 2 so as to provide time to resolve anticipated motions for summary judgment.

**VII.    Referral to Magistrate Judge**

  A. **Case.** At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 73 for all further proceedings including trial.

  B. **Motions.** None at this time.

**VIII.   Required Pre-Trial Preparation**

  A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

   1. File a list of witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

   2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:
   a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

   b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.   ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE,** the parties shall:

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

    3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

    4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

## IX. Other Matters

None at this time.

Respectfully submitted,

One of Plaintiff's Attorneys

s/ David J. Philipps_____
David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

One of Defendant's Attorneys

s/ Nicholas Moline_____
Nicholas Moline
MED-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, Indiana 46142
(317) 883-883-5600
Nicholas.Moline@revonecompanies.com
**************************************************************************

_____   PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE.

_____   APPROVED AS SUBMITTED.

_____   APPROVED AS AMENDED.

_____		APPROVED AS AMENDED PER SEPARATE ORDER.

_____		APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____		APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____		THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____.  FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____.

_____		A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR _____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____.

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____.

_____		DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____.

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

Dated:  February \_\_, 2025

_____
U. S. District Court
Southern District of Indiana

## **CERTIFICATE OF SERVICE**

       I hereby certify that on February 12, 2025, a copy of the foregoing **Case Management Plan** was filed electronically.  Notice of this filing will be sent to the parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Nicholas Moline                                         Nicholas.Moline@revonecompanies.com
MED-1 Solutions, LLC
517 U.S. Highway 31 North
Greenwood, Indiana 46142


John T. Steinkamp                                  john@johnsteinkampandassociates.com
John T. Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227


<u>s/ David J. Philipps</u>
David J. Philipps
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
davephilipps@aol.com